UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6171-CR-DIMITROULEAS/SNOW

UNITED STATES OF AMERICA

        Plaintiff,

v.

STEVINE MITCELL,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE TO THE STANDING DISCOVERY ORDER

The United States of America, in response to the Standing Discovery Order issued in this case, states as follows:

    A.  1.  The defendant's recorded statement is attached.

        2.  That portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to be a government agent is attached.

        3.  The defendant did not testify before the grand jury.

        4.  The defendant's criminal history is attached.

        5.  Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained from or belonging to the defendants, may be inspected and copied by making an appointment with the undersigned. Some items are attached. An inventory of those items is attached.



B.   The United States requests the discovery and production of those items described and listed in paragraph B of the Standing Discovery Order, and as provided by Federal Rule of Criminal Procedure 16(b).

C.   The United States is unaware of any information or material which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady</u> v. <u>Maryland</u>, 373 U.S. 83 (1963) or <u>United States</u> v. <u>Agurs</u>, 427 U.S. 97 (1976).

D.   There are no records of payments, promises of immunity, leniency, or preferential treatment, made to prospective government witnesses, within the scope of <u>United States</u> v. <u>Giglio</u>, 405 U.S. 150 (1972) and <u>Napue</u> v. <u>Illinois</u>, 360 U.S. 264 (1959).

E.   No alleged co-conspirator, accomplice or informant will testify for the government at trial.

F.   The defendant was not identified in a lineup, showup, photo spread or similar identification procedure.

G.   The government agents and officers involved in this case have been advised to preserve all rough notes they may have taken.

H.   Any evidence made available for inspection may be offered in the government's case in chief under Federal Rule of Evidence 404(b) or otherwise.

I.   The defendant is not an aggrieved person as defined in Title 18, United States Code, Section 2510(11), that is, the defendant was not a party to any intercepted wire or oral communication or persons against whom the interception was directed.

J.   The United States has ordered transcripts of the grand jury testimony of all witnesses who will testify for the government at the trial of this case. The transcripts will be provided as required by Title 18, United States Code, Section 3500.

K.   No controlled substance was seized in connection with this case.

L.   No motor vehicle, vessel or aircraft was used in the commission of the alleged offenses.

M.   Latent fingerprints have not been recovered in this case. However, a report of the fingerprints comparison done in this case is attached.

N. To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O. The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
TERRENCE J. THOMPSON
Assistant United States Attorney
Court No. A5500063
500 E. Broward Blvd., Suite 700
Fort Lauderdale, Florida  33301
(954) 356-7306
(954) 356-7228 (facsimile)
Terrence.Thompson@justice.usdoj.gov

INVENTORY OF ATTACHED ITEMS

| | Page # |
|---|---|
| Defendant's arrest photograph | 1 |
| Defendant's fingerprints card | 2 |
| Memorandum of defendant's interviews | 3 |
| Defendant's sworn statement of 5/26/00 | 4-9 |
| Defendant's sworn statement of 5/25/00 | 10-14 |
| New Jersey birth certificate of Eleine Mitchell | 15 |
| Jamaican immigration card, Eleine Mitchell driver's license and Air Jamaica boarding pass | 16 |
| Defendant's criminal history | 17-21 |
| Notice to Alien Ordered Excluded by Immigration Judge | 22 |
| Defendant's fingerprints card | 23 |
| Order of Immigration Judge | 24 |
| INS form I-110 | 25 |
| INS form I-122 | 26 |
| INS memorandum of 02/04/97 | 27 |
| Defendant's recorded statement of 2/4/97 | 28-31 |
| Fingerprints analysis report | 32-35 |

CERTIFICATE OF SERVICE

    I hereby certify that a copy of this Government's Response to Standing Discovery Order was served this <u>11th</u> day of July, 2000, upon: Assistant Federal Public Defender Daryl E. Wilcox, 101 N.E. 3rd Avenue, Fort Lauderdale, FL 33301.

_____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY